UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Antanacio Guzman, | ) | |
|     Movant, | ) | |
| | ) | |
| | ) | No. 24 CV 50020 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| United States of America, | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

    Movant Antanacio Guzman entered a written plea agreement in 2023, acknowledging that he knowingly possessed a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 21-cr-50020, Dkt. 68. Mr. Guzman now seeks relief under 18 U.S.C. § 2255. As explained in more detail below, "[r]elief under this statute is an extraordinary remedy," *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023) (cleaned up), not appropriate for Mr. Guzman's case.

    As with all § 2255 motions, the criminal defendant bears the burdens of proof and persuasion. *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). The defendant must meet this exacting standard using concrete facts, not conclusory allegations or speculation. *Id.*; *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Though the Court gives Mr. Guzman leniency as a *pro se* inmate, it also notes that the motion is underdeveloped. The motion only states that § 922(g)(1) violates the Second Amendment and that counsel "failed to review any factors pertaining to [its] constitutional complexity." Case No. 24-cr-50020, Dkt. 1, 4.

    Taking the issues out of order, ineffective assistance of counsel requires objectively incompetent legal representation, paired with a "reasonable probability" that the proceeding's result would've been different, but for counsel's incompetency. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Courts must evaluate professional conduct from "counsel's perspective at the time" of representation and "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689.

    Though he doesn't cite any cases, Mr. Guzman mentions "factors"—presumably in reference to the 2022 decision, *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *Bruen* requires a two-step analysis. Step one asks whether the Second Amendment's plain text covers an individual's conduct. The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not

1

be infringed." No doubt, Mr. Guzman is among "the people" with a right to keep and bear arms. But his rights are qualified (and in fact, can be revoked) by step two of the analysis.

Step two requires the Government to justify regulations on firearm possession with a close historical analogue, essentially proving that the challenged regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. It sounds complicated, largely because it is. The bench and bar have since struggled to apply *Bruen* to felon dispossession laws, as in § 922(g). *See, e.g.*, *United States v. Baxter*, No. 23-cr-50005, 2024 U.S. Dist. LEXIS 200979, at *3 (N.D. Ill. Nov. 5, 2024); *Atkinson v. Garland*, 70 F. 4th 1018, 1024 (7th 2023).

Looking strictly at the eight-month window between the *Bruen* opinion and Mr. Guzman's guilty plea, counsel's decision not to raise a Second Amendment challenge wasn't objectively unreasonable. Only recently have courts considered the possibility that § 922(g)(1) violates the Second Amendment. But even as motions to dismiss felon-in-possession charges grow increasingly common, rarely—if ever—do they succeed. The only Northern District of Illinois opinion dismissing 922(g)(1) charges on Second Amendment grounds came eight months *after* Mr. Guzman's guilty plea. *See United States v. Prince*, 700 F. Supp. 3d 663, 664 (N.D. Ill. 2023). That decision is under review by the Seventh Circuit. So, looking more broadly at recent decisions, counsel's omission didn't prejudice Mr. Guzman's defense, either.

Finally, Mr. Guzman's Second Amendment challenge fails on the merits. Nothing in *Bruen* disturbs the longstanding presumption that felon dispossession laws are constitutional. *See United States v. Rahimi*, 602 U.S. 680, 699–700 (2024) (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). This Court has repeatedly held that § 922(g)(1) is constitutional, *see United States v. Smith*, No. 24-cr-50023, 2025 U.S. Dist. LEXIS 82045 (N.D. Ill. Apr. 30, 2025) (collecting cases), and will continue to do so until and unless the Seventh Circuit says otherwise.

Mr. Guzman's § 2255 motion [1] is denied for those reasons.

Entered: May 6, 2025          By: _____
                                   Iain D. Johnston
                                   U.S. District Judge